UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JAMARCUS ANTWONE CROWLEY,

Plaintiff,

v.   CAUSE NO. 1:23-CV-122-HAB-SLC

ALLEN COUNTY WARDEN, et al.,

Defendants.

OPINION AND ORDER

Jamarcus Antwone Crowley, a prisoner proceeding without a lawyer, filed a civil rights complaint. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Crowley is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As a preliminary matter, Mr. Crowley recently filed a motion for leave to proceed in forma pauperis. (ECF 6.) However, this motion is unnecessary because he

was already granted leave to proceed in forma pauperis in this case. (ECF 5.) The motion will be denied.

Turning to the complaint, Mr. Crowley alleges that on or about March 14, 2023, another inmate, Larry Buchanan, wiped feces on him. He claims inmate Buchanan has on other occasions "walk[ed] around the block with urine and poop in a cup" and threatened to "pour it on people." He states he told unidentified guards about this but they allegedly did "nothing." He also claims that meals have "not been arriving on schedule." Specifically, breakfast sometimes doesn't arrive until 8 a.m. even though inmates wake up at 6 a.m. He also claims that on some occasions inmates in his cell block have been without water in their cells. During these incidents, his toilet would not flush and had urine and feces in it. Based on these allegations, he sues the Allen County Jail Warden, "Allen County Jail Staff Jon Doe & Jane Doe," and "Allen County Sheriff Dept. Jane Doe and Jon Doe," seeking monetary damages.[1]

Because Mr. Crowley is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways:

---

[1] Mr. Crowley also mentions having cancer, but he is already proceed on a claim related to this issue in another lawsuit. *Crowley v. Galperin, et al.*, 1:23-CV-59-HAB-SLC (N.D. Ind. filed Feb. 9, 2023).

first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* "[N]egligent conduct does not offend the Due Process Clause." *Miranda*, 900 F.3d at 353. Thus, allegations of negligence, even gross negligence, do not suffice. *Id.*

The Constitution requires jail officials to take steps to keep pretrial detainees safe. *Kemp v. Fulton Cnty.*, 27 F.4th 491, 494 (7th Cir. 2022). To be held liable, however, a defendant "must intend to carry out a certain course of actions; negligence is not enough." *Id.* at 497. Additionally, the defendant's course of action must have been "objectively unreasonable," *id.*, which is determined based on "the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

Mr. Crowley is understandably upset about having feces wiped on him, but by his account, the initial incident with inmate Buchanan was unforeseen and unexpected. He does not include sufficient factual content to plausibly suggest that some jail officer made an intentional decision that put him at risk of harm from inmate Buchanan, or that a reasonable officer would have appreciated the risk involved under the circumstances. Although he claims inmate Buchanan has on other occasions walked around threatening to put urine or feces "on people," it is not clear from his allegations whether he was one of the people who was threatened or whether he suffered any injury from these later incidents.[2] *See Bolden v. Mezo*, No. 22-1571, 2023 WL 4488861, at

---

[2] To the extent he is trying to assert claims on behalf of other inmates, he has no standing to do so. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999).

3

\*2 (7th Cir. July 12, 2023) ("An injury is necessary for a constitutional tort under § 1983.").

Additionally, liability under 42 U.S.C. § 1983 is based on personal responsibility, and it is not clear who he is trying to hold liable in connection with this claim. He names the Warden as a defendant, but there is no indication the Warden had any personal involvement in these events. He cannot be held liable for damages simply because he oversees operations at the jail. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Mr. Crowley also mentions "guards" without identifying them in any fashion or providing details about when he told them there was a problem with inmate Buchanan, what he told them, or their response. Although he could proceed against a "John Doe" or "Jane Doe" defendant who violated his rights, here he provides blanket allegations against a group of defendants, which is insufficient under federal pleading standards.[3] *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at \*1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused

---

[3] He names both "Jail Staff" and "Sheriff Dept." staff without providing any explanation for the distinction. He also does not clearly explain who any of the "Jon Doe" or Jane Doe" defendants are. He is not required to know the name of every defendant at this stage, but he must provide sufficient information about who each person is (such as their title or role within the jail) and what each of them did that allegedly violated his rights to state a plausible claim. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022); *Iqbal*, 556 U.S. at 678.

4

of doing."). Based on what he has alleged, the court cannot plausibly infer objectively unreasonable conduct by any individual jail staff member.

Regarding the problem with the water in his cell, he does not allege that this was done intentionally, and instead it appears to have been some type of problem with the plumbing. Inmates are entitled to adequate water and personal sanitation, but whether the deprivation amounts to a constitutional violation is a matter of gradation. "A single clogged toilet does not violate the Constitution, and prisoners are not entitled to Fiji Water on demand." *Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019). "But on the other end of the spectrum, a defendant cannot purposefully deny water until a prisoner is on the brink of death or force a prisoner permanently to live surrounded by her own excrement and that of others." *Id.* Mr. Crowley does not provide details about the number of times this occurred, how long he went without water in his cell, and whether he had other means during this period to drink water (such as being given bottled water with meals) or to use a toilet outside his cell. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Based on the minimal allegations he has provided, he has not alleged a plausible Fourteenth Amendment claim.

As to the problem with meals, inmates are entitled to reasonably adequate food to meet their nutritional needs, but merely having to wait a few hours for breakfast is not the type of deprivation that would establish a constitutional violation. *See Hardeman*,

5

933 F.3d at 820; *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015). Nor can the court plausibly infer from his allegations that the meal schedule was adopted to punish him.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) DENIES the plaintiff's motion to proceed in forma pauperis (ECF 6) as unnecessary;

(2) GRANTS the plaintiff until **August 18, 2023**, to file an amended complaint if he so chooses; and

(3) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 17, 2023.

                                             s/ *Holly A. Brady*
                                             JUDGE HOLLY A. BRADY
                                             UNITED STATES DISTRICT COURT